# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | |
|---|---|
| IN RE: | Case No. 19-31090 |
| Charles D. Pence | Chapter 13 |
| Debtor. | Judge Guy R Humphrey |

| | |
|---|---|
| CARVANA LLC | Adversary Case No. |
| Plaintiff | |
| vs. | |
| Charles D. Pence | |
| Defendant | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

The Plaintiff, CARVANA LLC ("Plaintiff"), by its undersigned counsel, and for its Complaint to Determine Dischargeability of a Debt Pursuant to U.S.C. §523(a)(2)(A) and Fed. R. Bankr. Pro. 7001, respectfully states:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157 (b)(1) and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue of this adversary proceeding in the Court is proper under 28 U.S.C. § 1409(a).

## FACTUAL BACKGROUND

4. The Defendant filed Chapter 13 case number 19-31090-GRH-13 in the Southern District of Ohio, Dayton Division on April 08, 2019, referred to as the "Petition Date."

5. Creditor holds a secured claim in the 2015 KIA OPTIMA SXL - VIN 5XXGR4A67FG448628 ("Vehicle"). The current payoff amount for Plaintiff's loan is $19,328.35 as of August 2, 2019.

6. A copy of the Retail Installment Sales Contract executed on March 3, 2019 is attached hereto and incorporated herein as "Exhibit A". The Contact was signed by Charles D. Pence a little more than a month prior to filing the bankruptcy. The contract provided for the payment of a 23.75% interest rate.

7. The vehicle is titled in the name of Charles D. Pence, attached hereto and incorporated herein as "Exhibit B".

8. The first payment on the Vehicle was due on April 08, 2019, the date of the filing of the bankruptcy.

9. Debtor's Chapter 13 Plan provides for the reduction of the contractual interest rate to 6.25%.

## COUNT ONE – CLAIM PURSUANT TO 11 U.S.C. § 523 (a)(2)(A)

10. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 9.

11. The Defendant knowingly, intentionally, and fraudulently misrepresented to Plaintiff that he intended to pay Plaintiff per the terms of the contract.

12. The Defendant, in fact, did not intend to pay Creditor per the terms of the contract at the time that he executed the contract.

13. The Debtor signed the contract calling for the payment of a 23.75% interest rate about a month prior to the filing of a Chapter 13 on the date that the first payment was due, and proposes to reduce the agreed-upon interest rate to 6.25%.

14. The Debtor had contemplated and intended on filing bankruptcy, as of the date of contract signing.

15. Debtor's Statement of Financial Affairs indicates that he paid his bankruptcy attorney his attorney fees and filing fees the same month that he purchased the vehicle, March 2019.

16. Per Debtor's Schedules, it is apparent that Debtor's previous vehicle was repossessed as he could not afford it.

17. As a result of the aforementioned, the payoff balance of the vehicle should be declared non-dischargeable pursuant to 11 U.S.C. §523 (a)(2)(A). Attorney fees and costs for this Adversary Proceeding should be awarded to Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that the payoff balance of the vehicle be declared non-dischargeable pursuant to 11 U.S.C. §523 (a)(2)(A). In addition, the attorney fees and costs for this Adversary Proceeding should be awarded to Plaintiff.

Respectfully Submitted,

/s/ Jon J. Lieberman
Jon Lieberman (0058394)
Attorney for Plaintiff
Sottile & Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
Phone: (513) 444-4100
Email: bankruptcy@sottileandbarile.com

DocuSign E... Case 3:19-ap-03077  Doc 1  Filed 08/05/19  Entered 08/05/19 13:30:05  Desc Main
Document  Page 4 of 9
EX A

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

OH-102 10/10/2015

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
CARVANA, LLC
63 PIERCE RD
WINDER GA 30680-7280

**Buyer(s) Name(s) and Address(es)**
Charles D Pence
6460 Shull Rd
Dayton OH 45424

**Summary**
No. _____
Date  03/09/19

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2,200.00 . |
|---|---|---|---|---|
| 23.75 % | $ 15,497.75 | $ 17,529.00 | $ 33,026.75 | $ 35,226.75 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 459.00 | monthly beginning 04/08/19 |
| 1 | $ 437.75 | 03/08/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $20.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2015 | Kia | Optima | Sedan | 5XXGR4A67FG448628 | 51080 |

Odometer Mileage is Accurate  ☒ Yes  ☐ No

☐ New
☒ Used
☐ Demo

Other:
N/A

## Description of Trade-In

N/A     N/A     N/A
N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ___N/A___ ___N/A___ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ 17,529.00 plus finance charges accruing on the unpaid balance at the rate of 23.75 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

**Returned Check Charge.** If you make any payment by check (or other negotiable instrument) required by this Contract that is returned or dishonored, you agree to pay a fee of $ 15.00 .

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 1,320.00 ) | $ | 18,920.00 |
| b. | N/A | $ | N/A |
| c. | Service Contract, paid to: N/A | $ | N/A |
| d. | Amount to finance line h (if h is negative) | $ | 0.00 |
| e. | **Cash Price** (a + b + c + d) | $ | 18,920.00 |
| f. | Trade-in allowance | $ | 0.00 |
| g. | Less: Amount owing, paid to (includes d): N/A | $ | N/A |
| h. | Net trade-in (f-g; if negative, enter $0 here and enter the amount on line d) | $ | 0.00 |
| i. | Cash payment | $ | 2,200.00 |
| j. | Manufacturer's rebate | $ | 0.00 |
| k. | Deferred down payment | $ | 0.00 |
| l. | Other down payment (describe) N/A | $ | N/A |
| m. | **Down Payment** (h + i + j + k + l) | $ | 2,200.00 |
| n. | **Unpaid balance of Cash Price** (e-m) | $ | 16,720.00 |
| o. | Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| p. | To: Gap Coverage | $ | 695.00 |
| q. | To: Title and Reg Fees | $ | 114.00 |
| r. | To: N/A | $ | N/A |
| s. | To: N/A | $ | N/A |
| t. | To: N/A | $ | N/A |
| u. | To: N/A | $ | N/A |
| v. | To: N/A | $ | N/A |
| w. | To: N/A | $ | N/A |
| x. | To: N/A | $ | N/A |
| y. | To: N/A | $ | N/A |
| z. | **Total Other Charges/Amts Paid** (o thru y) | $ | 809.00 |
| aa. | **Prepaid Finance Charge** | $ | 0.00 |
| bb. | **Amount Financed** (n + z - aa) | $ | 17,529.00 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single   ☐ Joint   ☐ None

Premium $ N/A     Term N/A

Insured N/A

**Credit Disability**

☐ Single   ☐ Joint   ☐ None

Premium $ N/A     Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: N/A _____ N/A _____ DOB

By: N/A _____ N/A _____ DOB

By: N/A _____ N/A _____ DOB

**Property Insurance.** You must insure the Property. You may furnish the required insurance through any insurance company or agency you choose subject to our right of approval of a company or agency based on reasonable standards uniformly applied. The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A   Deductible, Collision Cov.   $ N/A
☐ $ N/A   Deductible, Comprehensive    $ N/A
☐ Fire-Theft and Combined Additional Cov.   $ N/A
☐ N/A    $ N/A

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance through any insurance company or agency you choose subject to our right of approval of a company or agency based on reasonable standards uniformly applied. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

[This area intentionally left blank.]

**Choice of Insurer or Agency.** Your choice of insurer or agency for Property Insurance or Single Interest Insurance (if required) does not and will not affect our credit decision or credit terms in any way, except that we may impose reasonable requirements as provided by law such as the minimum limits of coverage, and the right to approve an insurer or agency as earlier provided.

**By signing below, you acknowledge receipt of a copy of the above disclosure, and you agree to the financing of the following premiums (if any) as part of this Contract.**

☐ **Property Insurance Premium**   ☐ **Single Interest Insurance Premium**

| | |
|---|---|
| N/A | N/A |
| By: | Date |
| N/A | N/A |
| By: | Date |
| N/A | N/A |
| By: | Date |

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term: N/A months
Price: $ N/A
Coverage: N/A   N/A

☒ **Gap Waiver or Gap Coverage**
Term: 72 months
Price: $ 695.00
Coverage: Gap Coverage

☐ N/A
Term: N/A
Price: $ N/A
Coverage: N/A

*C. Pence*                                      03/09/19
By: Charles D Pence                             Date

N/A                                             N/A
By:                                             Date

N/A                                             N/A
By:                                             Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Irregular Payment Schedule.** An *Irregular Payment Schedule* is one with payments not scheduled to be in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the Property primarily for personal, family, or household use, you may refinance this Contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this Contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

**Governing Law and Interpretation.** This Contract is governed by the law of Ohio and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
◆ You fail to perform any obligation that you have undertaken in this Contract.
◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default you agree to pay our actual and reasonable expenses in retaking possession of the Property, subject to your right (as permitted by law) to cure a default after repossession, and get notice of such rights.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

**Remedies.** If you are in default on this Contract, and after we wait any required period, we have all of the remedies provided by law and this Contract, subject to any right to cure that you may exercise. Those remedies include:

- After waiting any required period, we may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- After any required waiting period we may sell the Property as the law permits and apply what we receive as provided by law for our actual and reasonable expenses and then toward your obligations.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all other Property, and accessions. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract, to the extent permitted by law.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

If you choose to purchase a Gap Waiver product as indicated in the Additional Protections section, then the separate Gap Waiver agreement will become a part of this Contract.

### Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply.** **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| **By:** | **Date** |
| Signature of Third Party Owner (NOT the Buyer) | |

---

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

_C. Pence_       03/09/19
**By:** Charles D Pence       **Date**

_N/A_       _N/A_
**By:**       **Date**

_N/A_       _N/A_
**By:**       **Date**

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

_C. Pence_       03/09/19
**By:** Charles D Pence       **Date**

_N/A_       _N/A_
**By:**       **Date**

_N/A_       _N/A_
**By:**       **Date**

**Seller**

_[signature]_       03/09/19
**By:** CARVANA, LLC       **Date**

**Assignment.** This Contract and Security Agreement is assigned to N/A _____ , the Assignee, phone _N/A_ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**

_N/A_
**By:**       **Date**



EX B



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | FDI1001454788036 |
| **Lienholder** | CARVANA LLC |
| **Lienholder Address** | P O BOX 29002<br>PHOENIX, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 5XXGR4A67FG448628 | **Issuance Date** | |
| **Title Number** | 6702232440 | **Received Date** | 5/5/2019 |
| **Title State** | OH | **ELT/Paper** | ELECTRONIC |
| **Year** | 2015 | **Odometer Reading** | 51080 |
| **Make** | KIA | **Branding** | |
| **Model** | | | |
| **Owner 1** | CHARLES PENCE | | |
| **Owner 2** | | | |
| **Owner Address** | 6460 SHULL RD<br>DAYTON, OH 45424 | | |

**Printed:** Thursday, May 23, 2019 9:02:33 AM PST